UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WAYNE M. HEMINGWAY,

                        Plaintiff,

     v.                                                    **DECISION AND ORDER**
                                                               07-CV-731S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

1. Plaintiff Wayne M. Hemingway challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since September 1, 2000, by depression, adjustment disorder, bi-polar disorder, asthma/allergies, and paranoid schizophrenia. Plaintiff contends that because his impairments render him unable to work, he is entitled to disability benefits under the Act.

2. Plaintiff filed applications for disability insurance benefits and supplemental security income on November 10, 2003. Plaintiff's applications were denied, but he won his appeal before the Appeals Council, which remanded his applications for further administrative proceedings. An ALJ conducted a supplemental hearing on January 17, 2007, at which Plaintiff appeared with counsel and testified. Vocational expert James Phillips also testified at the hearing. The ALJ considered the case *de novo*, and on March 6, 2007, issued a written decision denying Plaintiff's application for benefits. On September 14, 2007, the Appeals Council denied Plaintiff's request for review.

1

3. Plaintiff filed this action challenging Defendant's final decision on November 1, 2007.¹ On March 26, 2008, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a Motion for Judgment on the Pleadings on April 2, 2008. After full briefing, this Court deemed the motions submitted and reserved decision. For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

---

¹The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts: First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity during the relevant time period (R. at 23);[2] (2) Plaintiff's adjustment disorder, alcohol dependence, bi-polar disorder, and asthma/allergies are "severe" impairments within the meaning of the Act (R. at 23); (3) Plaintiff's alcohol and drug use would meet the impairments listed in Appendix 1, Subpart P, Regulation No. 4, but cannot form the basis of a disability finding; rather, if Plaintiff stopped his substance abuse, he would not have an impairment or combination of impairments that meets or medically equals any of the listed impairments (R. at 23-24); (4) if Plaintiff stopped his substance abuse, he would retain the following residual functional capacity: "must avoid concentrated exposure to fumes, dust, temperature extremes, wetness and humidity as a precautionary measure due to his past history of asthma/allergies; can occasionally interact with the public, and can occasionally perform complex/detailed tasks." (R. at 25); and (5) if Plaintiff stopped his substance

---

[2] Citations to the underlying administrative record are designated as "R."

4

abuse, he would be able to perform his past relevant work as a stock clerk and warehouseman. (R. at 31.)  Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision, and Plaintiff's substance abuse is a contributing factor material to the determination of disability. (R. at 32.)

10. Plaintiff lodges a number of challenges to the ALJ's decision.  First, he argues that the ALJ failed to adequately evaluate the severity of Plaintiff's paranoid schizophrenia.  The ALJ found that Plaintiff's paranoid schizophrenia, for which he was hospitalized in August 2006, is not a severe impairment because Plaintiff was non-compliant with his course of treatment. (R. 23.)

Plaintiff argues that this finding is not supported by the record evidence because Plaintiff testified that he had a history of mental illness in his family and that he heard voices. (Tr. 758, 764-65.)  But the medical records relative to Plaintiff's hospitalization for schizophrenia state that "patient is now feeling much better after he took medications," "[patient] feels better after taking medications," and "happy to be back on medications." (R. at 626-27.)  The hospital records also note that "patient was preoccupied, complaining of various things including having side-effects to the medications, of which none were actually noted, as well as some problems with taking medications and compliance." (R. at 627.)  The records also state that "[r]ight now patient admits that he needs to take medications and promises to continue taking medications as prescribed." (R. at 627.)

Although Plaintiff highlights several references in the record to him having psychiatric conditions or paranoid schizophrenia (R. at 195, 675), he does not draw this Court's attention to any medical evidence from which it can reasonably be concluded that

5

his paranoid schizophrenia is a severe limitation. Accordingly, this Court finds that the ALJ's conclusion that Plaintiff's paranoid schizophrenia is not a severe limitation is supported by substantial evidence in the record, in particular the hospital admission records. (R. 626-35.) No medical evidence in the record establishes that Plaintiff's paranoid schizophrenia is a severe limitation.

11. Second, Plaintiff contends that the ALJ failed to adequately develop the record by not seeking further clarification from Dr. Jeffrey Kashin. Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e)(1). Additional evidence or clarification is sought if there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

Here, the ALJ did not find any inadequacy or ambiguity in the records from Dr. Kashin that prevented him from making a disability determination. Nor did he find that Dr. Kashin's records were incomplete or required further amplification. Rather, the ALJ found that Dr. Kashin's opinion that Plaintiff was unable to complete a normal workday or make decisions on simple tasks was inconsistent with Dr. Kashin's own findings, other medical records, and Plaintiff's testimony. (R. at 31.) Consequently, the ALJ was under no obligation to recontact Dr. Kashin.

12. Third, Plaintiff argues that the ALJ substituted his own opinion for that of the medical providers and failed to properly apply the treating physician's rule to Dr. Kashin's

opinions. Under the "treating physician rule,"[3] an ALJ must give controlling weight to a treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), an ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

The treating physician's rule requires that only a physician's *medical* opinions be given controlling or extra weight. 20 C.F.R. § 404.1527(d); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). The disability determination is reserved to the Commissioner, not a treating physician. See 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

7

whether an individual is disabled within the meaning of the Act). Consequently, an ALJ is not required to accept a treating physician's conclusion that a plaintiff is disabled.

Here, the ALJ discussed his consideration of Dr. Kashin's opinion, fully setting forth his reasons for not affording it controlling weight. (R. at 30-31.) The ALJ found that Dr. Kashin's opinion was inconsistent with his own previous findings, with other medical evidence in the record, and with Plaintiff's testimony. (R. at 31.) The ALJ fully discussed the medical evidence in the record (R. at 27-31) and Plaintiff's testimony (R. at 26).

Review of Dr. Kashin's records supports the ALJ's finding that Dr. Kashin's ultimate opinion was inconsistent with his previous findings. For example, though he found that Plaintiff was markedly limited in his ability to complete a normal work day or week, make decisions on simple tasks, and maintain attention and concentration for extended periods (R. at 472-73, 545, 622-23), Dr. Kashin also found that Plaintiff's thoughts were organized, he was cooperative, and showed no signs of nervousness or depression, and was fully oriented (R. at 428-29). In addition, from November 2005 through November 2005, Dr. Kashin indicated that Plaintiff was doing well and his mood was stable. (R. at 534-38.)

Moreover, the ALJ's finding that Dr. Kashin's opinion is inconsistent with other medical evidence in the record is also well supported: the objective findings and opinions of Drs. Tzetzo and Ransom support the ALJ's finding. (R. at 202-03, 447-50.) Moreover, evidence in the record demonstrates that when Plaintiff abstained from alcohol and drug use, his alleged limitations vastly improved, and he could concentrate, demonstrate good judgment, think logically, and cooperate and participate in therapy. (R. 626, 663-65, 641-42.) Finally, the ALJ relied on the opinions of Drs. Tzetzo, Ransom, and Dina in formulating his residual functional capacity finding.

Accordingly, this Court finds that the ALJ properly considered Dr. Kashin's opinion,

properly applied the treating physician's rule, and did not substitute his own judgment for that of the medical care providers.[4]

13. Fourth, Plaintiff argues that the ALJ erred by finding that his alcoholism and drug abuse is a material contributing factor to his disability. Under the Act, "[a]n individual shall not be considered to be disabled for [the] purposes of this title if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The relevant inquiry in determining whether substance abuse is a "material contributing factor" is whether an individual would still be disabled if he were to stop using alcohol and/or drugs. See Johnson v. Astrue, 493 F.Supp.2d 652, 659 (W.D.N.Y. 2007).

Here, the ALJ found that Plaintiff was under a disability, but that a substance abuse disorder was a contributing factor material to that determination. (R. at 21.) Further, the ALJ found that the Plaintiff would *not* be disabled if he stopped the substance abuse. (R. at 32.) Thus, the ALJ found Plaintiff not disabled within the meaning of the Act. (R. at 32.)

This Court finds that the ALJ's finding in this regard is supported by substantial evidence in the record. Although it is true that Plaintiff's mental health issues predate his substance abuse problems, treatment notes from various medical providers demonstrate that when Plaintiff abstained from alcohol and drug use, he could think clearly, cooperate, and function reasonably well. (R. at 253-54, 293, 306, 311, 360, 389, 391, 428-29, 448, 627, 663-65.) Plaintiff also testified that he felt well when he took his medication and abstained from alcohol. (R. at 758.) The pattern of Plaintiff's hospitalizations appears to

---

[4] Plaintiff also argues that he should be found disabled on the basis that he has not, in the past, held a job for any significant period of time due to this inability to concentrate. As stated above, however, the ALJ's finding that Plaintiff is not disabled, which encompasses a finding that Plaintiff is able to concentrate at least well enough to maintain employment, is supported by substantial evidence in the record. Thus, Plaintiff's past inability to maintain employment is not attributable to a disabling condition.

be use of alcohol or drugs, hospitalization or treatment, followed by abstention and improved functioning. (R. at 247, 253, 284-85, 293, 298, 310, 343, 359, 389, 390, 428-29.) Therapists at Spectrum also reported that Plaintiff's functioning was stable or improved when he abstained from alcohol. (R. at 409-42, 471-586.) Thus, this Court finds that the ALJ's conclusion is supported by substantial evidence in the record.

14. Finally, Plaintiff argues that his ability to perform certain daily activities is not inconsistent with a finding that he is disabled. After hearing and reviewing Plaintiff's hearing testimony, the ALJ found that "[i]f the claimant stopped the substance use, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but not to the extent alleged." (R. at 27.) Plaintiff testified that he could take care of his personal needs, remember to take his medication, prepare meals, perform household chores, drive, read, play sports, and shop. (R. at 185-88.)

The ALJ's finding is supported by his examination of the material effect Plaintiff's alcohol and drug use has on his ability to work. It is further supported by the ALJ's findings that the evidence of record, including Plaintiff's testimony about his activities of daily living, does not support his claim that he is disabled. Moreover, the ALJ's residual functional capacity assessment is supported by substantial evidence in the record. Finally, although the ALJ made the finding indicated above, he also found that Plaintiff was generally credible. (R. at 27.)

15. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical

evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 27, 2009
       Buffalo, New York

                                              /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                          United States District Judge